# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOYCE GLASENER,

        Plaintiff,

v.                                                      CV 14-621 KK/WPL

FARRELL & SELDIN,

        Defendant.

## ORDER GRANTING ALTERNATIVE SERVICE

This matter is before me on Joyce Glasener's Motion for Leave of Court to Serve Defendant by Alternative Means of Service. (Doc. 4.) Glasener filed a complaint against Colorado-based law firm Farrell & Seldin ("the firm") on July 7, 2014, for violations of the Fair Debt Collection Practices Act. (Doc. 1.) To this date, Glasener has been unsuccessful in effecting service of process on the firm. Glasener describes in the motion and supports with a sworn affidavit by a process server the efforts made so far in effecting service. (*See* Doc. 4.)

According to the motion and affidavit, process server Eric Dudley first attempted service at the firm's principal place of business—7807 E. Peakview Ave., Suite 410, Centennial, CO 80111—on July 15, 2014. The office was dark; no one was there. Dudley went to the office again on July 16, 2014. On that date, Dudley spoke with a man who stated that no one was present in the office who could accept service. This man provided Seldin's email address and suggested that Dudley email Seldin to arrange a time for service. Dudley provided in his affidavit that he emailed Seldin but received no response.

On July 22, 2014, Dudley attempted to serve Seldin at his personal residence in a gated community at 9133 E. Vassar, Denver, CO 80231. The security guard received no answer from Seldin and therefore did not allow Dudley into the community. The next day, on July 23, 2014, Dudley returned to the gated community in an attempt to serve Seldin. That day, Seldin answered the security guard's call but would not allow Dudley inside, so the guard denied entrance. Finally, on August 28, 2014, at 1:35 p.m., Dudley attempted to serve process at the office location again. The office door was locked, and a woman at the business next door stated that she believed that the people in the office moved out approximately two weeks earlier.

Glasener cites *Malone v. Highway Star Logistics, Inc.* for the proposition that because "due diligence was used to obtain service on [the defendant] through traditional means," and service was unsuccessful, the plaintiff could serve defendants by certified mail at their last known addresses. No. 08-CV-01534-RPM-KLM, 2009 WL 2139857 (D. Colo. July 13, 2009) (unpublished). Regarding such traditional means, Glasener cites to Fed. R. Civ. P. 4(h) for serving a corporation, partnership, or association, which refers back to Fed. R. Civ. P. 4(e)(1) for serving an individual. Rule 4(e)(1) states,

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . .

However, rather than proceeding to cite to and discuss state law for serving a summons in New Mexico (where the Court is located) or in Colorado (where service is to be made), Glasener instead states that service of process may be made by the Fed. R. Civ. P. 4(e)(2) factors for serving an individual within a judicial district in the United States. These federal factors include the following:

2

(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to the agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e)(2).

Glasener then argues that the firm is evading service in this case and that Glasener should be allowed an alternative method of service. Glasener proposes six potential methods of service:

(1) mailing the summons and complaint via first-class mail and certified mail, return receipt, with postage fully prepaid, to Defendant's principal place of business located at 7807 E. Peakview Ave., Centennial, CO, 80111; (2) mailing the summons and complaint via first-class mail and certified mail, return receipt, with postage fully prepaid, to Mr. Farrell's personal residence located at 7336 S. Ogden Way, Littleton, CO, 80122-1471; (3) mailing the summons and complaint via first-class mail and certified mail, return receipt, with postage fully prepaid, to Mr. Seldin's personal residence located at 9133 E. Vassar, Denver, CO, 80231; (4) faxing the summons and complaint to Defendant's principal place of business at 303-741-3755; (5) e-mailing the summons and complaint to Mr. Farrell via his email address at tfarrell@farrellseldin.com; and (6) e-mailing the summons and complaint to [Mr. Seldin] via his e-mail address at bseldin@farrellseldin.com.

With regard to *Malone*, I note that the court allowed alternative service by both certified mail and publication together. 2009 WL 2139857, at *3. However, *Malone* involved service in a foreign country, which is covered by Fed. R. Civ. P. 4(f). The court stated that "[c]ourts have approved these methods of service [certified mail and publication] under Fed.R.Civ.P. 4(f)(3)." *Malone*, 2009 WL 2139857, at *2. As the instant case involves service within the United States, I decline to extend *Malone* to this case. Instead, because the evidence strongly suggests that the firm is evading service, I will examine state law service of process rules called for pursuant to Fed. R. Civ. P. 4(e)(1) and any possible alternative modes of service thereunder.

Because Fed. R. Civ. P. 4(e)(1) allows for service of process under the rules present in the state where the Court is located, service on the firm may occur in accordance with New Mexico rules. NMRA, Rule 1-004 governs service of process in the state of New Mexico. Rule

1-004(G) covers service on a corporation or other business entity. The first subsection allows service to be made on certain persons authorized to accept service of process. *See* NMRA, Rule 1-004(G)(1). Where such person or persons refuse to accept service of process, the second subsection allows service "by delivering a copy of the process or other papers to be served at the principal place of business during regular business hours to the person in charge." NMRA, Rule 1-004(G)(2). Based on Seldin's failure to return Dudley's email about setting up a time to accept service as well as Seldin's denial of entry to his gated community, I find it appropriate to proceed to the service of process approach in subsection two. It is unclear from Dudley's affidavit whether either man Dudley spoke with at the principal place of business was "in charge," albeit not specifically authorized to accept service. Therefore, I find that Glasener must attempt service by going to the principal place of business during regular business hours to check for the person in charge and to seek a signature receipt from him or her as required by NMRA, Rule 1-004(L). Glasener must make all reasonable efforts to obtain the address of the current principal place of business and to locate the person in charge therein.

If service is unsuccessful upon the person in charge at the principal place of business, Glasener may attempt service by certified mail to the principal place of business and to Seldin and Farrell's personal places of residence, as provided for by the next subsection, NMRA, Rule 1-004(G)(3), and NMRA, Rule 1-004(E)(3). A person authorized to accept service of process must sign the return receipt. *See* NMRA, Rule 1-004(E)(3).

Finally, if Glasener is still unable to effect service upon following the above methodologies, I approve service by email to both Seldin and Farrell. NMRA, Rule 1-004(J) states,

> Upon motion, without notice, and showing by affidavit that service cannot reasonably be made as provided by this rule, the court may order service by any

method or combination of methods, including publication, that is reasonably calculated under all of the circumstances to apprise the defendant of the existence and pendency of the action and afford a reasonable opportunity to appear and defend.

Should service be made necessary by email, proof of service shall be made by a certificate of service signed under penalty of perjury by Glasener's attorney or process server. *See, e.g.*, *BluMedia Inc. v. Sordid Ones BV*, No. 11-CV-00856-RPM-BNB, Doc. 7 (D. Colo. Aug. 12, 2011) (unpublished). Glasener shall also include a copy of the email sent to Seldin and Farrell. *See id.* Further, upon filing the certificate of service and copy of the email, Glasener must also file an affidavit outlining the failed attempts to serve process using the earlier listed means of service.

Glasener's motion is therefore GRANTED to the extent provided in this Order. Glasener is provided with **60 days** from the entry of this order to effect service as described above.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.

5