IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOYCE GLASENER,

    Plaintiff,

v.                                                             2:14-cv-00621 KK/WPL

FARRELL & SELDIN, Attorneys at Law,
a Colorado Corporation; BARRY A. SELDIN,
Individually; THOMAS F. FARRELL, Individually;
and FENTON AND MCGARVEY LAW
FIRM, P.S.C., a Kentucky Professional Services
Corp.,

    Defendants.

## DEFENDANTS BARRY SELDIN, INDIVIDUALLY, AND THOMAS FARRELL, INDIVIDUALLY, MOTION TO DISMISS

    COME NOW Defendants Barry Seldin, individually, and Thomas Farrell, individually, by counsel of record Cadigan Law P.C. (Michael Cadigan and Kristina Caffrey) and move the Court to dismiss all claims against them because the statute of limitations expired and because Plaintiff has failed to meet the requirements of Fed.R.Civ.P. 15(c).

## Procedural History

1. According to Plaintiff's Complaint [Document 1] and the Exhibits thereto, the last act Plaintiff contends constitutes a violation of the Federal Fair Debt Collection Practices Act occurred on August 15, 2013 [Exhibit C to the Complaint and ¶ 27 of the Complaint].

2. On July 7, 2014, Plaintiff filed her first Complaint. That Complaint named one defendant: "Farrell & Seldin." ¶10 of the Complaint asserted, "Defendant is a debt collection law firm located in Centennial, Arapaho County, Colorado."

3. The Complaint did not mention Barry Seldin as an individual or Thomas Farrell as an individual, but did say at ¶17, "Defendants acted through their agents, employees, officers, members,

1

directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers."

4. On August 15, 2014, the statute of limitations expired. See 15 U.S.C. § 1692(k)(d), setting statute of limitations for FDCPA actions "within one year from the date on which the violation occurs."

5. On October 16, 2014, 101 days after the Complaint was filed, Plaintiff filed a Motion for Leave of Court to Serve Defendant by Alternative Means of Service [Document 4]. That Motion mentioned Barry Seldin as an individual and Tom Farrell as an individual. However, the Motion explicitly identified Seldin as "Defendant's principal and owner/president" [Page 3].

6. On October 24, 2014, 109 days after the Complaint was filed, the Court issued its Order on the Motion for Leave of Court to Serve Defendant by Alternative Means of Service [Document 5]. The Order identifies the Defendant as "Colorado-based law firm Farrell & Seldin" [page 1]. The Court ordered Plaintiff to go "to the principal place of business during regular business hours to check for the person in charge and to seek a signature receipt from him or her as required by NMRA, Rule 1- 004(L). Glasener must make all reasonable efforts to obtain the address of the current principal place of business and to locate the person in charge therein" [page 4]. The Court also instructed Plaintiff, "If service is unsuccessful upon the person in charge at the principal place of business, Glasener may attempt service by certified mail to the principal place of business and to Seldin and Farrell's personal places of residence" [page 5].

7. Fed.R.Civ.P. 4(m)'s 120 day period for service of process expired on November 4, 2014.

8. On January 22, 2015, the Court held a Status Conference [Document 9]. The minutes of that Conference state, "The Court asked about the status of service of process. Plaintiff stated that the Defendant firm was purchased by or merged with another firm. Plaintiff has had no communications with the new firm. Plaintiff stated that she intends to file a motion for leave to

amend the complaint. The Court stated that it was concerned that nothing had happened in the case for three months. The Court advised Plaintiff to proceed promptly with the amended complaint and service."

9. Apparently without seeking leave to file an amended complaint, the Plaintiff filed an Amended Complaint on January 28, 2015 [Document 10]. It named as Defendants "Farrell & Seldin, Attorneys at Law, a Colorado Corporation; Barry A. Seldin, Individually; Thomas F. Farrell, Individually; and Fenton and McGarvey Law Firm P.S.C., a Kentucky Professional Services Corp."

10. On February 10, 2015, Plaintiff filed two summons returns demonstrating proof of service on 1) Thomas Farrell individually; 2) Fenton & McGarvey's place of business in Kentucky.

11. Plaintiff has, of March 25, 2015, never filed a proof of service on Barry Seldin as an individual.

## ARGUMENT

The Court must dismiss the Amended Complaint against Barry Seldin individually and Thomas Farrell individually because the statute of limitations has expired and because the Amended Complaint does not properly relate back under Fed.R.Civ.P. 15(c).

**I. The Statute of Limitations Expired August 15, 2014** The Fair Debt Collection Practices Act has a one-year statute of limitations period. 15 U.S.C. § 1692(k)(d) states, "An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."

Plaintiff's Complaint alleges several violations, but the date of the last alleged violation is August 15, 2013 [see Exhibit C to the Complaint and ¶ 27 of the Complaint]. Thus, the statute of limitations expired August 15, 2014.

As illustrated by the Procedural Background above, as of August 15, 2014, neither Barry

Seldin individually nor Thomas Farrell individually had been named as a Defendant, and as of August 5, 2014, all pleadings described Seldin and Farrell as simply the principals of the corporate Defendant—the "Farrell & Seldin" law firm.

Only on January 28, 2015—more than five months after the statute of limitations expired—did Plaintiff name Barry Seldin individually and Thomas Farrell individually as defendants. Thus, the statute of limitations expired before they were sued, and therefore, Plaintiff's complaint against them must be dismissed.

## II. Plaintiff Has Not Met the Requirements of Fed.R.Civ.P. 15(c) as to Seldin individually or Farrell individually

Defendants Seldin individually and Farrell individually assume that Plaintiff intends to use Fed.R.Civ.P. 15(c) to "relate back" her Amended Complaint to avoid dismissal based on the expiration of the statute of limitations. However, 15(c) still does not allow Plaintiff to simply add Seldin and Farrell as individual defendants.

**A. There Was No Mistake** First, Rule 15(c)(1)(B) specifies that when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," that amendment "relates back to the date of the original pleading." However, Rule 15(c)(1)(C) has further requirements. "[W]hen the amendment changes the party or the naming of the party against whom a claim is asserted," the amendment will only relate back "if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

The District of Kansas, a sister district within the Tenth Circuit, has described these

elements more artfully: "For an amendment substituting a new party to relate back to the date of the original complaint," the plaintiff must show "(1) the claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining a defense; (3) the party to be brought in must or should have known that but for a mistake of identity the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the period for service of process prescribed by Rule 4(m) [120 days]." Henry v. F.D.I.C., 168 F.R.D. 55, 59 (D.Kan. 1996), citing *Watson v. Unipress, Inc.,* 733 F.2d 1386, 1389 (10th Cir.1984).

The "Tenth Circuit, as do other circuits, distinguishes between misnomers and substitution of parties." Id. at 58, citing *Watson v. Unipress, Inc.,* 733 F.2d 1386, 1389 (10th Cir.1984). The District of Kansas has observed, "By its plain language, Rule 15(c)(3) requires a plaintiff to make a mistake concerning the identity of the proper party," and because of that, "the the plain language of the rule permits relation back of claims against only mistakenly identified parties (under certain circumstances)." Id. at 59. The Tenth Circuit affirmed in Garrett v. Fleming, 362 F.3d 692, 696 (10th Cir. 2004) that "as a matter of law, a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of the proper party' within the meaning of Rule 15(c)(3)(B)." The Tenth Circuit then reviewed the Advisory Committee Notes to Rule 15(c)(3), which indicated that the "mistake proviso [was included]…in order to resolve the problem of a misnamed defendant and to allow a party to correct a formal defect such as a misnomer or misidentification." Id. at 696-697 (brackets and ellipsis in original). Therefore, "'the rule is meant to allow an amendment changing the name of a [defendant] to relate back to the original complaint only if the change is the result of' such a formal defect." Id. at 697, quoting Wayne v. Jarvis, 197 F.3d 1098, 1103 (11th Cir. 1999).

For that reason, the Tenth Circuit in Garrett, 362 F.3d at 695, affirmed the district court's

5

finding that "Garrett's lack of knowledge of defendants' names at the time of the original complaint could not satisfy the 'mistake' requirement of Rule 15(c)(3)(B)." In the opinion of the Tenth Circuit, "Garrett's substitution of named defendants for the original unknown 'John Doe' defendants amounts to adding a new party." Id. at 96. Likewise, the District of Kansas ultimately held in Henry v. F.D.I.C., 168 F.R.D. at 59, that the plaintiff could not replace a "John Doe" with a named defendant after the statute of limitations had run, because "plaintiffs did not make a mistake in identification."

Here, Plaintiff did not make a "mistake" in not naming Seldin individually and Farrell individually as Defendants. Plaintiff had to have known of their existence—after all, the Defendant she did name, the law firm, has the last names of both Barry Seldin and Thomas Farrell within it. Additionally, Plaintiff had to have known that both Seldin and Farrell do exist as real people. In her October 16, 2014 motion, in fact, Plaintiff recounted that both Barry Seldin and Thomas Farrell appear on the rolls of the Colorado Bar Directory [see Document 4, pages 2-3]. Thus, the existence of Barry Seldin as an individual and Thomas Farrell as an individual was obvious, and their connection to the law firm of Farrell & Seldin was also obvious. After all, the debt collection letters Plaintiff claims violate the FDCPA explicitly list all the attorneys who work at the Farrell & Seldin firm [see Exhibits A and C to Plaintiff's Complaint], and Barry Seldin and Thomas Farrell are both listed.

Therefore, even as of August 15, 2013, Plaintiff had to have known that Barry Seldin and Thomas Farrell were attorneys who worked at the Farrell & Seldin law firm, and this information could have been confirmed by the Colorado Bar website. Given this information, the Court must recognize that Plaintiff made a deliberate and educated choice not to name the individuals as defendants in the original Complaint. Such a deliberate and informed choice does not qualify as a "mistake."

Given these circumstances, the naming of Farrell & Seldin as an organization, but not Barry Seldin as an individual or Thomas Farrell as an individual, in the original Complaint was a matter of deliberate choice, not a mistake. The law presented above characterizes "mistakes" as "formal defects," such as misidentification. If, for example, Plaintiff received a debt collection letter from an attorney named John A. Smith, and she mistakenly sued John Arthur Smith instead of John Alex Smith, Plaintiff could rely on such a "mistake." Here, however, Plaintiff obviously had access to information showing that individuals named Barry Seldin and Thomas Farrell worked at a law firm called Farrell & Seldin. If Plaintiff wanted to sue Barry Seldin as an individual or Thomas Farrell as an individual, she could have done so in the original Complaint, in June 2014. She simply chose not to do so before the statute of limitations ran.

Furthermore, this qualifies as "adding parties," rather than simply correcting a misnomer. Suing someone in his individual capacity is quite different than suing an organization to which that individual belongs—legally, the individual and the organization are completely separate entities, and indeed, one of the principal functions of corporate forms is to shield the individual members from individual liability. Therefore, it is entirely reasonable to assume that when a corporation is named as a defendant, the individual members of that corporation are not defendants.

This situation is comparable to the one in <u>Garrett v. Fleming</u>, 362 F.3d 692, 694 (10th Cir. 2004). There, the plaintiff originally sued the warden of a federal prison plus six "John Does." Then, he filed an amended complaint actually naming the John Does. "Garrett's substitution of named defendants for the original unknown 'John Doe' defendants amounted to adding a new party." <u>Id</u>. at 696. Here, even if Plaintiff had sued Farrell & Seldin the organization plus two John Does, she could not substitute Barry Seldin and Thomas Farrell for those John Does. Plaintiff did not even allege in her original Complaint that any specific individuals were liable,

and she did not seek individual liability. Now, she simply seeks to add individual parties, rather than substitute or correct a misnomer. This takes her amendment completely out of range of Rule 15(c)(3) and requires dismissal of claims against Barry Seldin and Thomas Farrell individually.

Other Circuits take the same approach and require a "mistake" rather than a deliberate choice. See, e.g. <u>Locklear v. Bergman & Beving AB</u>, 457 F.3d 363 (4th Cir. 2006); <u>Lundy v. Adamar of New Jersey</u>, 34 F.3d 1173, 1183 (3d Cir. 1994) ("Where there is a basis for the plaintiff to assert liability against the party or parties named in a complaint and there is no reason for another party to believe that the plaintiff did anything other than make a deliberate choice between potential defendants, courts have consistently held that the third requirement of Rule 15(c)(3) is not met").

### **B. Seldin and Farrell as Individuals Did Not Know the Action Would Have Been Brought Against Them**

To review, one of the elements required for an amendment to relate back to before the statute of limitations expired is that "the party to be brought in must or should have known that but for a mistake of identity the action would have been brought against it…[and] the second and third requirements must have been fulfilled within the period for service of process prescribed by Rule 4(m) [120 days]" See supra page 4.

Here, the procedural record shows no reason why Barry Seldin as an individual or Thomas Farrell as an individual "must or should have known" that the suit would have been brought against them <u>as individuals</u>. Again, the separation between individual and corporate form is essential. Farrell & Seldin the law firm was engaged in debt collection for many years, and therefore, saw its fair share of FDCPA lawsuits. However, the relevant inquiry is whether Barry Seldin and Thomas Farrell knew that Plaintiff meant to sue them as individuals.

This is just like the case <u>Lovelace v. O'Hara</u>, 985 F.2d 847, 850 (6th Cir. 1993). There,

the question revolved around suing someone in his individual capacity, as opposed to capacity as a member of a corporation: "O'Hara does not contend that he did not have general knowledge of the lawsuit. However, he argues that the first notice he had that he was being sued in his *individual* capacity was when Mrs. Lovelace filed her amended complaint. This occurred several months after the 120 days allowed for service of the summons and complaint… He argues that he has been prejudiced…" (italics in original). The Sixth Circuit agreed with O'Hara: "Here the original complaint contained a statement that O'Hara acted 'not as an individual,' but 'clearly within the expressed and implied powers of his official capacity.' From this statement, it seems clear that Mrs. Lovelace intended to hold the state responsible for O'Hara's actions," and thus O'Hara had no reason to believe that he would be held personally liable or that his personal assets were at stake." Id. at 850. The Sixth Circuit even noted generally, "the distinction between an official capacity and an individual capacity suit is significant." Id.

See also Cupe v. Lantz, 470 F.Supp.2d 128 (D. Conn. 2007) (differentiating between official capacity and personal capacity in 15(c) motion concerning 42 U.S.C. 1983); *Colvin v. McDougall,* 62 F.3d 1316, 1318 (11th Cir.1995) ("[w]e stress as much as we can that the difference between an official capacity suit and an individual capacity suit is a big difference.... And, in general, plaintiffs have a duty to make plain who they are suing and to do so well before trial"); *Smith v. Paladino,* 317 F.Supp.2d 884, 887–88 (W.D.Ark.2004) (plaintiff's failure to include a defendant in her individual capacity in the original complaint "was an instance not of mistaken identity but of mistaken legal judgment. While [p]laintiff thought she could assert a claim for damages against the College and the Board, she now recognizes that those Defendants are immune from monetary relief and that a damages claim can only lie against [proposed new defendant] in her individual capacity. This is not the type of 'mistake' encompassed by Rule 15(c)'s relation-back provision").

Other Circuits use an "identity of interest" test to determine whether added parties must or should have known they were the real targets of the suit. "Identity of interest generally means that the parties are so closely related in their business operations or other activities <u>that the institution of an action against one serves to provide notice of the litigation to the other</u>." <u>Holden v. R.J. Reynolds Industries, Inc.</u>, 82 F.R.D. 157, 161 (D.N.C. 1979) (emphasis added).

Thus, the question becomes whether the institution of an action against the Farrell & Seldin law firm provided notice of institution of action against Barry Seldin individually or Thomas Farrell individually  The answer to that question is no. Plaintiff did have a process server attempt to serve Mr. Seldin with the original Complaint, but even accepting as true the events recounted in Plaintiff's Motion for Alternative Service, under the totality of the circumstances, there was nothing to signal to Mr. Seldin that Plaintiff wanted to serve him personally, as opposed to simply serving the law firm of which he was a named partner. Likewise, nothing in the procedural history of this case prior to January 28, 2015 sufficiently signaled to Thomas Farrell that he was a personal target of the lawsuit, rather than simply a part of an organization being sued.

Again, the comparison to John Does is apt. Would a correction officer working at a federal prison have reason to know that a lawsuit attempted to name him personally as a defendant, simply because that lawsuit listed John Doe as a defendant? No, he would not, and neither would a named partner working at a law firm have reason to know that a plaintiff wanted to hold him personally liable, simply because a lawsuit listed the firm as a defendant.

Not until January 28, 2015, well after the 120 day time period for service, did Barry Seldin and Thomas Farrell know that but for the Plaintiff's deliberate strategic choice, the action would have been brought against them.

### B. Defendants Did Not Receive Notice Within 120 Days

To review, one of the elements required for an amendment to relate back to before the statute of limitations expired is that "the party to be brought in must have received such notice that it will not be prejudiced in maintaining a defense…and the second and third requirements must have been fulfilled within the period for service of process prescribed by Rule 4(m) [120 days]." Henry v. F.D.I.C., 168 F.R.D. 55, 59 (D.Kan. 1996).

Barry Seldin and Thomas Farrell did not receive notice within the 120 day time period.[1] As explained in the affidavits attached as Exhibits A and B, respectively, Seldin did not receive notice of the Complaint until November 25, 2014, and Thomas Farrell did not receive notice of the lawsuit until February 2, 2015. On November 25, 2014, an employee of the Arguss Law Firm, which is Plaintiff Glasener's counsel, finally forwarded to Barry Seldin the Complaint in this case. However, what is important to remember is that the Complaint at that time still only named Farrell & Seldin as an organization, and the Complaint did not signal any intention to sue Barry Seldin or Thomas Farrell in their personal capacities.

Not until two months later, on January 28, 2015, did Barry Seldin and Thomas Farrell finally receive word that they were individual defendants. At that point, they had become prejudiced in maintaining a defense. As Exhibits A and B explain, the law firm of Farrell & Seldin ceased doing business effective April 1, 2014 and formally closed its office space in Colorado on August 29, 2014. The assets of the Farrell & Seldin law firm were purchased by Fenton & McGarvey of Louisvile, Kentucky, and both Barry Seldin and Thomas Farrell have retired from the practice of law. Seldin retired from active practice after the August office closure, and Farrell retired in 2012. Thus, they face having to defend themselves individually, even though they no longer have any association with the corporate defendant. Seldin and Farrell

---

[1] Some extrinsic evidence is necessary here to explain the facts. However, this does not suffice to turn this Motion into a Motion for Summary Judgment under Fed.R.Civ.P. 56.

11

are unassociated individuals faced with potential individual liability, all because Plaintiff did not provide them notice within 120 days. This undoubtedly prejudices their ability to maintain a defense.

**C. Lack of Service of Process**[2] The Defendants note here that while Farrell received actual service, Seldin <u>still has not been served</u>. He may have received notice, but has not received personal service as an individual defendant. Only two summons returns have been filed in this case: one for Thomas Farrell individually, and one for Fenton & McGarvey, and those returns show service in January 2015. The Court's October 24, 2014 Order on Motion for Alternative Service stated, "McKeown is provided with **60 days** from the entry of this Order to effect service as described above" (emphasis in original). Those 60 days expired on December 23, 2014. When those 60 days expired, so too did Plaintiff's right to achieve service via alternative means.

Plaintiff did not even comply with the Court's Order on Motion for Alternative Service. Rather, it seems Plaintiff filed an Amended Complaint on January 28, 2015 without leave, and then proceeded to serve only two of the defendants. Barry Seldin has thus not been actually served with the original Complaint or the Amended Complaint. This makes Plaintiff's conduct even more inexcusable. The Plaintiff has not only failed to comply with Fed.R.Civ.P. 15, but has also failed to comply with the Court's Order.

**C. Conclusion** In sum, Plaintiff's Amended Complaint does not meet the requirements of Rule 15(c)(3). Plaintiff has attempted to add entirely new defendants long after the statute of

---

[2] Defendants have not waived service by their counsel's entry of appearance. "If anything, the local rule requirement that an attorney must enter an appearance on behalf of his client serves as a convenience to the Court and to all parties in that it identifies the attorney to which pleadings and other materials should be sent. It does not, however, constitute a waiver of a party's right to service of process. Under rule 12, just as a party does not waive his right to contest personal jurisdiction or venue by having an attorney enter an appearance on their behalf, a party does not waive his right to service of process upon an attorney's entry of appearance on his behalf." <u>Kiro v. Moore</u>, 229 F.R.D. 228, 231 (D.N.M. 2005).

limitation expired. This attempt to add new defendants does not result from a mistake, but rather arises from a deliberate strategic choice. Plaintiff knew or should have known long before she filed her lawsuit that Barry Seldin and Thomas Farrell are real individuals who worked at Farrell & Seldin law firm. Additionally, neither Barry Seldin nor Thomas Farrell received notice of the lawsuit within the 120 day period, nor did they receive notice during the 120 period that they were individual targets. Therefore, Plaintiff has not met the elements of Rule 15(c)(3). Because she has not met those requirements, the Amended Complaint does not "relate back" to the original complaint. The statute of limitations has thus expired against Barry Seldin individually and Thomas Farrell individually.

Respectfully submitted,

CADIGAN LAW FIRM, PC

By /s/ Michael J. Cadigan
    Michael J. Cadigan
    Kristina Caffrey
    *Counsel for Defendants Barry A.*
    *Seldin and Thomas F. Farrell*
    3840 Masthead NE
    Albuquerque, New Mexico 87109
    (505) 830-2076
    (505) 830-2385 (fax)
    cadigan@cadiganlaw.com
    kristina@cadiganlaw.com

This certifies that a copy of the foregoing was
served via CM/ECF electronic filing service to
all parties of interest this 25th day of March, 2015:

Pooja Dosi
Agruss Law Firm, LLC
4619 N. Ravenswood Ave., Ste 303A
Chicago, IL 60640
(312) 224-4695
(312) 253-4451 (fax)
pooja@agrusslawfirm.com
*Attorney for Plaintiff*

Mark Trujillo
Branch Law Firm
2025 Rio Grande Blvd NW
Albuquerque, NM 87104
(505) 243-3500
(505) 243-3534 (fax)
mtrujillo@branchlawfirm.com
*Attorney for Plaintiff*

**/s/ Michael J. Cadigan**
Michael J. Cadigan